IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:14-CV-30-FL

| | |
|---|---|
| PAMELA GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANTHONY GARRETT; TERRENCE BEAMON; SHIRLEY JOHNSON, *N.C. Clerk of Court*; ARCHER WILLIAMS, *N.C. Sheriff*; BEVERLY WATFORD-ACORS; and LEO MARTY ACORS, | ) ORDER ) ) ) ) ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that plaintiff's complaint be dismissed in part on frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed no objections to the M&R, and the time for making objections has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge in part, rejects it in part, and dismisses the complaint in part.

## BACKGROUND

Plaintiff is a resident of New York. A number of defendants are members of plaintiff's immediate family. For instance, defendant Anthony Garrett is plaintiff's brother, while defendants Terrence Beamon, Beverly Watford-Acors, and Marty Acors are plaintiff's cousins. The remaining

two defendants, Johnson and Williams, are officials of Hertford County, North Carolina. Defendant Shirley Johnson is the Hertford County Clerk of Court and defendant Archer Williams is the Hertford County Sheriff.

This action arises out of a dispute centering on the administration of plaintiff's mother's estate. Plaintiff alleges that her mother ("decedent") died on May 11, 2014, and subsequent to decedent's death, defendants Garrett and Beamon acted as administrators of her estate. Defendants Garrett and Beamon failed to probate decedent's will and thus denied plaintiff the opportunity to challenge their administrative actions. Plaintiff further alleges that between May 11 and June 5, 2014, defendants Garrett and Beamon conspired to sell decedent's car to defendants Watford-Acors and Acors, forged various documents, and stole the keys to decedent's home, and that defendant Garrett beat plaintiff. Finally plaintiff alleges that when she contacted defendant Williams's office to report defendant Garrett's attack she was denied help.

On June 6, 2014, plaintiff filed in the Southern District of New York a form document styled as an "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order," accompanied by a motion to proceed *in forma pauperis* and a proposed complaint. (DE 1- 3). The proposed complaint suggests the exercise of diversity jurisdiction is proper. Plaintiff seeks as relief the value of the property in the decedent's estate to which she was entitled. In addition, she seeks a temporary restraining order and preliminary injunction enjoining defendants Garrett and Beamon from stealing, selling, trading, or bartering the property in decedent's estate.

On June 10, 2014, the United States District Court for the Southern District of New York transferred the case to this district, pursuant to 28 U.S.C. § 1406(a). Thereafter, at the court's

2

direction, plaintiff again filed a motion for leave to proceed *in forma pauperis*. (DE 8). That motion was referred to a magistrate judge for M&R, entered on May 6, 2015.

The magistrate judge recommends allowing plaintiff to proceed with common law claims for assault and battery against defendants Garrett and Beamon. In addition, it is recommended that the court allow claims for conversion and civil conspiracy against defendants Garrett, Beamon, Watford-Acors, and Acors. It also is recommended that the court deny plaintiff's claim for injunctive relief against defendants Garrett, Beamon, Watford-Acors, and Acors. Moreover, the magistrate judge recommends denying plaintiff's claims against defendants Johnson and Williams. It also is recommended that the court dismiss plaintiff's claims against defendant Johnson on the basis of the Rooker-Feldman doctrine and against defendant Williams for failure to state a claim under 42 U.S.C. § 1983.

**COURT'S DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

A.     Claims against Defendants Garrett and Beamon

   1.     Assault

Under North Carolina law, an assault requires "intent, offer of injury, reasonable apprehension, apparent ability, and imminent threat of injury." Hawkins v. Hawkins, 101 N.C. App. 529, 533 (1991), aff'd 331 N.C. 743 (1992). The M&R concluded plaintiff's claim against Garrett could proceed, grounding its conclusion in defendant Garrett "yell[ing] in [plaintiff's] face and curs[ing] at her, saying that he would smash her head, and [threatening to] come to New York to get rid of her since he knows where she lives." (M&R, DE 9, at 8). These threats were accompanied by actual violence.

Plaintiff's claim may proceed, but only inasmuch as it rests on defendant Garrett's yelling, cursing, and threats of immediate physical violence, which were then followed by violence. Plaintiff may not pursue an assault claim against defendant Garrett simply because he threatened to "come to New York to get rid of her." (M&R at 8; see also Compl., DE 3, ¶IV). Assault requires a reasonable apprehension of an "immediate harmful or offensive contact, as distinguished from contact in the future." Dickens v. Puryear, 302 N.C. 437, 445 (1981). A threat, apparently issued in North Carolina, to travel to plaintiff's home state at an undetermined time in the future cannot give rise to a reasonable apprehension of immediate harmful contact as a matter of law.

The M&R recommends allowing plaintiff's assault claim against defendant Beamon based solely on her allegation that defendant Beamon said that he was "going to get real evil and nasty on [her]." (Compl. ¶IV). This allegation cannot survive frivolity review. "A mere threat, unaccompanied by an offer or attempt to show violence, is not an assault." Dickens, 302 N.C. at 445. Plaintiff has not alleged defendant Beamon made any offer of violence. Rather, plaintiff only has

4

alleged defendant Beamon made a threat.  A threat, without more, cannot give rise to an assault claim.

In sum, plaintiff's assault claim only may go forward against defendant Garrett insofar as it rests on his yelling, cursing, and threats, which were accompanied by physical violence.  Plaintiff may not proceed against defendant Garrett on the ground that he threatened to travel to New York at an unspecified time in the future to do her harm.  Moreover, plaintiff's assault claim against defendant Beamon must be dismissed, where the complaint only alleges he threatened her with no show of force.

2. Battery

A battery is an offensive touching of another against his or her will.  Wilkerson v. Duke Univ., ___ N.C. App. ____, 748 S.E.2d 154, 159 (2013); see also Dickens, 302 N.C. at 444 ("[A] battery is the carrying of [an assault] into effect by the infliction of a blow.").  The M&R recommends allowing plaintiff's battery claim against both defendants.

Plaintiff's claim against defendant Garrett is sufficient to survive frivolity review, becuase plaintiff alleges defendant Garrett "punched [her] in the back of [her] head" as she walked away from him. (Compl. ¶IV).  However, plaintiff's claim against defendant Beamon is not.  Nowhere does plaintiff allege defendant Beamon made physical contact with her.  Accordingly, plaintiff's battery claim against defendant Beamon may not proceed.

B. Claims Against Defendants Garrett, Beamon, Watford-Acors, and Acors

1. Conversion

There are "two essential elements of a conversion claim: ownership in the plaintiff and wrongful possession or conversion by the defendant." Variety Wholesalers, Inc. v. Salem Logistics

5

Traffic Servs., LLC, 365 N.C. 520, 523 (2012). Here, plaintiff alleges defendants Garrett and Beamon dispossessed her of certain property to which she was entitled. Moreover, she alleges that defendants Watford-Acors and Acors took titled to her mother's car, to which she also was entitled. This is sufficient to state a claim for conversion.

    2.    Civil Conspiracy

North Carolina recognizes an action for "civil conspiracy," which allows recovery for "damages caused by acts committed pursuant to a formed conspiracy." Shope v. Boyer, 268 N.C. 401, 405 (1966). To stat a claim for civil conspiracy, plaintiff must allege an agreement between two or more people to do an unlawful act, or to do a lawful act in an unlawful way, that results in injury to plaintiff pursuant to a common scheme. Strickland v. Hedrick, 194 N.C. App. 1, 19 (2008). Here, plaintiff alleges that defendants Garrett, Beamon, Watford-Acors, and Acors all acted together to wrongfully convert the decedent's property to which she was entitled. (Compl. ¶III(C)). That allegation is sufficient to survive frivolity review.

C.    Remaining Claims

The M&R recommends dismissing plaintiff's request for injunctive relief against defendants Garrett, Beamon, Watford-Acors, and Acors, as well as plaintiff's claims against defendants Johnson and Williams.

Turning first to plaintiff's request for an injunction, it cannot survive frivolity review. To obtain a preliminary injunction, plaintiff must make a "clear showing" "[1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20, 22 (2008). Injunctive relief is an

"extraordinary remedy" and to obtain it, plaintiff must satisfy each of the four factors. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (2009), vacated 559 U.S. 1089, reinstated in pertinent part 607 F.3d 355 (2010). Plaintiff suggests an injunction is proper because in the absence of injunctive relief she will suffer monetary loss. "Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." Hughs Network Sys., Inc. v. InterDigital Comm'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994). Accordingly, plaintiff's motion for preliminary injunction is denied as frivolous.

Plaintiff's claims against defendant Johnson all arise out of injuries resulting from an allegedly improperly conducted state probate proceeding. All such claims are barred by operation of the Rooker-Feldman doctrine. "Under the Rooker-Feldman doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In the case at bar, plaintiff suggests defendant Johnson wrongfully appointed defendants Garrett and Beamon as administrators of decedent's estate. Any decision by this court against defendant Johnson on that basis would constitute review of defendant Johnson's judicial determinations, made in her capacity as Clerk of Court. Accordingly, the court lacks jurisdiction to hear plaintiff's claims against defendant Johnson.

Finally, plaintiff's § 1983 claim against defendant Williams fails to satisfy the Twombly-Iqbal pleading standard. A complaint states a claim if it contains "sufficient factual matter, accepted

7

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (citations omitted).

To state a claim under § 1983 "plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, plaintiff has failed to allege the deprivation of any right secured by the Constitution of the United States. Rather, she merely has alleged defendant failed to assist her when she reported defendant Garrett's violence toward her. Such omission, even if true, does not give rise to a constitutional injury.

## CONCLUSION

Based on the foregoing, the court ACCEPTS the recommendation of the magistrate judge in part and REJECTS it in part. Plaintiff is allowed to proceed with her assault claim against defendant Garrett, but may not ground that claim in defendant Garrett's threat to travel to New York to later do her harm. Plaintiff may not proceed with her assault claim against defendant Beamon.

8

In addition, plaintiff may proceed with her battery claim against defendant Garrett, but not against defendant Beamon. Plaintiff's conversion and civil conspiracy claims may proceed as pleaded.

The court finds no clear error in the M&R's recommendation that plaintiff's claim for preliminary injunction be denied as frivolous. Moreover, there is no clear error in the M&R's recommendation that plaintiff's claims against defendants Johnson and Williams also must be denied as frivolous. Accordingly, these claims are dismissed.

SO ORDERED, this the 24th day of June, 2015.

*[signature: Louise W. Flanagan]*

LOUISE W. FLANAGAN
United States District Court Judge